IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:21-cv-507-D

| | |
|---|---|
| KATELIND RINER, on behalf of herself and others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>RADEAS, LLC,<br><br>    Defendant. | **CONSENT PROTECTIVE ORDER** |

THIS CAUSE came on to be heard upon the joint motion of Plaintiff Katelind Riner ("Plaintiff") and Defendant Radeas, LLC ("Defendant"); and it appearing to the Court that discovery and the trial in this action may involve the production and disclosure of confidential, proprietary, or sensitive information requiring protection against unrestricted disclosure or use;

THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed in discovery in this action:

1. The purpose of this Consent Protective Order ("this Order") is to allow Plaintiff and Defendant (collectively the "Parties") to have reasonable access to certain information related to this Lawsuit, while providing the Parties and any third parties with a means for limiting disclosure of confidential information that is produced in this Lawsuit. The Parties expressly recognize and agree that this Order is solely limited to this Lawsuit and shall not govern any other pending or future litigation between the Parties whether arising in this Court or any other United States court.

2. The information and documents to be considered as confidential and disclosed only in accordance with the terms of this Order shall include, without limitation, all documents or information, whether in hard copy or electronic form, designated in accordance with the terms of this Order and supplied in response to the demands or requests of either party, formal or informal, regardless of whether said information is produced or disclosed by a party or by any affiliated person or entity, or formerly affiliated person or entity.

3. "<u>Designated Material</u>" shall mean any Discovery Material designated by a Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with Paragraph 14 below. All Designated Material and any information or material copied or derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information, shall be treated as and hereinafter referred to as Designated Material.

4. "<u>CONFIDENTIAL</u>" information comprises or contains information that the Producing Party claims in good faith to constitute or relate to sensitive business or commercial information that is not publicly available and provides a commercial advantage to its possessor, or confidential, non-public personal information that is protected from disclosure by statute, regulation, or otherwise, and the disclosure of which to persons other than those set forth in Paragraph 10(a)-(e) below would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5. "<u>HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY</u>" information comprises or contains information that the Producing Party claims in good faith to constitute or relate to highly sensitive employee or customer information, including but not limited to trade secrets, business plans, marketing plans, and other proprietary data, business, financial, or

commercial information, and pricing and cost information, the disclosure of which to persons other than those set forth in Paragraph 11 below would create a substantial risk of serious harm that could not be avoided by less restrictive means.

6. "Discovery Material" shall mean and include any document (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, exchanged, produced, or generated during the discovery process, including, for example, exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; subpoenas; declarations; affidavits; reports; letters; emails; and deposition testimony or transcripts; and all copies, extracts, summaries, compilations, designations, and portions thereof.

7. "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including electronically stored information ("ESI"), letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of writing contained in Federal Rule of Evidence 1001, or within the meaning of "documents" or "tangible things" contained in Federal Rule of Civil Procedure 34.

8. "Producing Party" shall mean any Party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents who produces any Discovery Material during discovery for this action.

9. "Receiving Party" shall mean any Party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

10. All information designated "CONFIDENTIAL" shall be maintained in confidence by the Receiving Party, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except:

   a. The Court (including court reporters, stenographic reporters and videographers, and court personnel);

   b. The attorneys of record, their partners, employees, contractors, and associates of outside counsel (collectively hereafter referred to as "Outside Counsel");

   c. Officers or employees of Plaintiff in this action, and officers and employees of Defendants in this action; provided, that such officers or employees shall receive such "CONFIDENTIAL" information solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purposes;

   d. Subject to the terms of Paragraph 18 below, other outside counsel not of record in this Lawsuit retained by a party and experts and their staff and litigation support personnel and their staff retained by Outside Counsel in this litigation; and

   e. Any other person as to whom the producing party agrees in writing prior to such disclosure.

11. All information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be maintained in confidence for use by the attorneys of the parties, shall be

4

used solely for the purposes of this litigation, and shall not be disclosed to any person except those listed in subparagraphs (a), (b), (d), and (e) of paragraph 10 above.

12. No Party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation. Any Party objecting to the designation of any Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" must give counsel of record for the Producing Party written notice of its reasons for the objection. The parties shall use their best efforts to resolve promptly and informally such disputes. The Producing Party will then have ten (10) business days after receipt of this notice to change the designation or respond in writing why the designation is appropriate. Failing resolution after service of the written notice of its reasons for the objection, the objecting party may file a motion with the Court setting forth the objecting party's reasons as to why the designation should be changed. The Producing Party asserting confidentiality has the burden of showing that the designation is appropriate. The information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall remain as such (i) unless the Producing Party does not respond in writing why the designation is appropriate within ten (10) business days after receipt of the written notice of the objecting Party's reasons for the objection; (ii) until the matter is resolved by Court order; or (iii) until agreement of the Producing Party.

13. Nothing in this Order shall preclude any party from applying to this Court for relief from any provision hereof, or from asserting that certain Discovery Materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

14. The designation of Designated Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation. Designated Material must be marked in the following manner:

   a. In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or similar language on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing along with a designation of the Producing Party (e.g., bates number prefix).

   b. Documents produced natively shall contain a slip sheet associated with the native file that contains the Bates number of the document along with the applicable designation, if any, under the terms of this Order. Documents produced natively shall also be renamed to indicate the Bates number of the document as well as the applicable designation, if any, under the terms of this Order.

   c. In the case of documents that are made available for inspection, all such materials shall be considered "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall make copies of the specified documents and mark each document containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information as defined in Paragraphs 4 and 5 with the appropriate designation. There will be

no waiver of confidentiality by the inspection of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information before it is copied and marked pursuant to this Order.

d. In the case of testimony given at a deposition or hearing, transcripts or portions thereof may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the provisions of Paragraph 22 of this Order. Any designation that is inadvertently omitted from a document or testimony may be corrected by written notification to opposing counsel, but any disclosure prior to such notification shall not be a violation of this Order.

15. Designated Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Order. The Receiving Party shall protect the confidentiality of Designated Material using procedures that are no less stringent than the measures used to protect the Receiving Party's own Designated Material or similar confidential material.

16. A party filing information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with the Court, or any pleadings, motions or other papers that disclose any such information, shall file the materials under seal in accordance with Section V.G.1.(e) of the United States District Court for the Eastern District of North Carolina Electronic Case Filing Administrative Policies and Procedures Manual and Local Civil Rule 79.2, with notice served upon the Producing Party. The filing of the materials under seal shall not be binding on the Court, however. Within seven (7) days of service of such notice, the party advocating that the materials be maintained under seal shall file with the Court a Motion

to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

17. Information produced by a non-party during the course of this action may be designated under this Order by such non-party or by a party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by following the procedures set forth herein or may be deemed so confidential as not to be disclosed under any circumstances. Information so designated and produced by third parties shall thereafter be treated by the Parties in the same manner as if produced with such designation by a party. A producing non-party shall have all the rights of a Producing Party with respect to protection of information under the terms of this Order. The provisions of this Order for challenging the designation by a party are applicable to challenges to designations by non-parties.

18. Prior to disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to any third parties, to include persons employed to act as outside consultants or experts, translators, or interpreters in this action, subject to

subparagraphs 10(b-e), counsel for the party seeking disclosure shall require such persons to read this Order and execute a Nondisclosure Agreement in the form attached hereto as **Exhibit A**.

19. Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that it has produced or disclosed in this litigation.

20. Nothing in this Order shall prevent disclosure beyond the terms of this Order of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information if the Parties and, if applicable, the non-party from which the material originated, consent, or if the Court, on motion filed by the party seeking to make disclosure, orders that disclosure be made. Any party may at any time request the Court, after notice to the opposing party and to the non-party from which the material originated, if applicable, to modify or grant relief from any provision of this Order or to place additional restrictions on the use of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

21. Nothing herein shall prohibit a party, or its counsel, from disclosing any document designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the person the document identifies as an author or recipient of such document, or to any person that evidence shows to have already viewed the document, been told of its contents, or who previously had legal access to the document or information.

22. Information disclosed at a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by indicating on the record at the deposition that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and is subject to the provisions of this Order. All such portions of

the transcript shall be appropriately marked by the court reporter and shall be treated by the Parties as set forth herein. Testimony in a deposition may also be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying the deposing party in writing within ten (10) business days of the receipt of the transcript of those pages and lines or those exhibits that are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be. No deposition may be read by anyone other than the deponent, the attorneys for the Parties, and those qualified to see "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material under Paragraph 11 during the fourteen (14) day period following a deposition unless otherwise agreed upon among the attorneys. Upon being informed that certain portions of a deposition disclose either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, each party must cause each copy of the transcript in its custody or control to be marked immediately.

23. Violation by any person of any term of this Order or of the Nondisclosure Agreement may be punishable as contempt of court. Any person or entity that produces "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in response to a discovery request or subpoena in this action is intended to be a beneficiary of this Order and of the Nondisclosure Agreement and may pursue all remedies available for violation thereof. No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

24. Nothing herein and no action taken under this Order shall constitute a waiver or

admission that any specific document, material, testimony, or thing: (1) is relevant and subject to discovery; (2) is or is not a trade secret or confidential proprietary information; (3) constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

25. If any Producing Party discovers that it has inadvertently failed to designate and mark any Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Discovery Material. Disclosure of such Discovery Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the Discovery Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Discovery Material and advising the person to whom disclosure was made that the Producing Party has designated the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and that such material must be treated as provided in the Order unless otherwise agreed by the Parties or ordered by the Court. The inadvertent failure to designate material shall not be deemed a waiver of the confidentiality of the document in this proceeding or in any other federal or state proceeding

or investigation.

26. The Producing Party is not required to log privileged documents on a privilege log to the extent the privileged document was created on or after November 5, 2021, the filing date of the Complaint in this action. The production of privileged or work-product protected documents or ESI or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding or investigation. The disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence in this case or any other federal or state proceeding or investigation. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

27. The Producing Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Producing Party. Unless the Producing Party claims that the entire document is subject to a claim of attorney-client privilege or work product immunity, the Producing Party shall, together with its written notice, produce a copy of the document with the claimed privileged material redacted. The Producing Party must thereafter produce a privilege log that complies with Fed. R. Civ. P. 26(b)(5) for the inadvertently produced and clawed back document(s), regardless of when the document was created.

28. Within three (3) business days of receiving written notice and a copy of the document with claimed privileged material redacted, the Receiving Party shall return to the

Producing Party all copies of such document and shall return or destroy all excerpts thereof. Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege or work product immunity or should be produced for reasons other than a waiver caused merely by the inadvertent production.

29. The Receiving Party shall be entitled to prepare a record for its own use containing the date, the author, address(es), and topic of the document and other such information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purposes other than preparing a motion to compel production of that document in this action. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work product by making a motion to the Court. Unless previously waived, the inadvertent disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence in this proceeding or in any other federal or state proceeding or investigation.

30. Upon the final termination of this litigation, including any appeals, the parties have sixty (60) days to petition the Clerk of Court to return to the party which filed them all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and documents and things containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, that have been filed under seal with the Court. Any and all originals and copies of Discovery Materials designated

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall, at the request of the Producing Party, be returned to the party (at its expense) within sixty (60) days after a final judgment herein or settlement of this action, or, at the option of the producing party, destroyed in that time frame, except that Outside Counsel for each party may maintain in its files archival copies of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, written discovery responses and documents constituting work product which were internally generated based upon or which include "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify Outside Counsel for the producing party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the Producing Party, the other party or its Outside Counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be. The parties should agree to reasonable extensions of time to complete the return of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" information, if necessary.

31. The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that:

    a. Was, is, or becomes public knowledge or publicly accessible not in violation of this Order; or

    b. Was lawfully possessed by the non-designating party prior to the date of this Order.

32. This Protective Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any party client an

evaluation in a general way of protected documents produced or exchanged under this Protective Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents, directly or indirectly, of any protected document produced under this Protective Order, which disclosure would be contrary to the terms of this Protective Order.

33. This Order shall continue in full force and effect after termination of this litigation, including all appeals, and the Court shall retain jurisdiction necessary to enforce the terms of this Order. However, this Order shall be subject to revocation or modification by order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for a hearing and presentation of evidence should the Court so decide.

34. The Parties agree to submit this Order for entry by the Court and to be bound by the terms prior to entry by the Court.

This the 25th day of February, 2022.

/s/ JEFFREY DOBSON
Jeffrey Dobson
N.C. State Bar: 54808
Dobson Law Firm, PLLC
1130 Situs Court, Suite 240
Raleigh, NC 27606
Telephone: (919) 591-2240
Email: jdobson@dobsonlawnc.com
*Attorney for the Plaintiff*

/s/ LINDSEY REEDY
Lindsey Reedy
N.C. State Bar: 56686
Hill Law, PLLC
PO Box 33096
Raleigh, NC 27636
Telephone: (919) 275-2053
Email: lindsey@hillattorneysnc.com

*Attorney for the Plaintiff*

/s/ BETH A. STANFIELD
Beth A. Stanfield
N.C. State Bar No.: 36296
Michael Best & Friedrich LLP
105 Grace St., Suite 101
Wilmington, NC 28401
Telephone: (910) 777-5751
E-mail: bastanfield@michaelbest.com
Rachel M. Blunk
N.C. State Bar No.: 42694
Telephone: (336) 663-1052
E-mail: rmblunk@michaelbest.com
Laura K. Greene
N.C. State Bar No.: 47771
Telephone: (910) 660-0931
E-mail: lkgreene@michaelbest.com
*Counsel for Defendant*

SO ORDERED, this 7th day of March 2022.

KIMBERLY A. SWANK
United States Magistrate Judge

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

Civil Action No. 5:21-CV-507-D

| | |
|---|---|
| KATELIND RINER, on behalf of herself and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RADEAS, LLC, <br><br> Defendant. | **NONDISCLOSURE AGREEMENT UNDER CONSENT PROTECTIVE ORDER** |

The undersigned, having read the Consent Protective Order (the "Protective Order") entered in this action, understands the terms thereof, and intending to be legally bound thereby, agrees as follows:

1. All information and documents disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the above-captioned action (the "Litigation") and shall not be used for any business or other purpose.

2. Such information and documents shall be disclosed to and discussed only with the parties' outside counsel and other persons so authorized pursuant to the terms of the Protective Order, who have in accordance with the provisions of the Protective Order executed a similar Nondisclosure Agreement. Neither such documents or information nor information acquired or extracted from such documents or information will be divulged or made accessible to any other person, company, firm, news organization, or any other person or entity whatsoever, except in compliance with the Protective Order and this Nondisclosure Agreement. This Nondisclosure Agreement does not limit the right of the signatory to testify at trial in this action or to prepare

documents or other materials for submission at trial in this action.

3. The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by the Protective Order.

4. The undersigned further agrees to return all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by the Protective Order, to the attorney from whom he or she received such documents and information within thirty (30) days after the termination of this Litigation, including all appeals, or within thirty (30) days after the undersigned is no longer associated with this Litigation, whichever comes first.

5. The undersigned acknowledges that a violation of the terms of the Protective Order may subject the undersigned and/or his/her employer to sanctions, including, but not limited to, punishment for civil contempt.

Dated: _____

_____
Signature

_____
Printed Name

_____
_____
Address

_____
Employer(s)