IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:21-CV-507-D

| | |
|---|---|
| KATELIND RINER, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RADEAS, LLC,<br><br>Defendant. | **MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT** |

NOW COME Plaintiffs, Katelind Riner, on behalf of herself and others similarly situated ("Plaintiff"), and Defendant, Radeas, LLC ("Defendant") (collectively the "Parties"), by and through their undersigned counsel, and jointly submit this Memorandum in Support of Joint Motion to Approve Settlement Under the Fair Labor Standards Act.

## INTRODUCTION

The Parties, by and through undersigned counsel, jointly and respectfully request this Court's final approval of their negotiated settlement reached in relation to Plaintiff's claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The Settlement Agreement, submitted as Exhibit A to the Joint Motion to Approve Settlement Under the FLSA (the "Motion"), was reached as a result of arms-length negotiations between the Parties regarding a *bona fide* dispute, and provides Plaintiff with a fair, just, and reasonable resolution of Plaintiff's disputed FLSA claim.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 5, 2021, Plaintiff filed a Complaint in this putative collective action, in the North Carolina General Court of Justice, Wake County Superior Court Division, asserting claims under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq.*; the FLSA; and wrongful termination in violation of North Carolina Public Policy [DE-1-1]. Specifically, with respect to her FLSA claim, Plaintiff alleges she, along with putative class members, was misclassified and should have been paid overtime for all hours worked in excess of 40 hours per workweek. Plaintiff seeks unpaid wages and liquidated damages, in addition to attorneys' fees.

Defendant denies Plaintiff's allegations, and in the alternative, claims its interpretation of the FLSA was reasonable and that there was no willful violation, which would preclude Plaintiff from obtaining liquidated damages. The Parties engaged in substantial discovery, producing scheduling, time, and pay records, policies, and emails. Based on the information exchanged in discovery, counsel for the Parties are confident they understand the claims and are in a position to recommend a reasonable resolution to their respective clients.

On January 5, 2023, the Parties mediated this action and reached an agreement to settle this matter in its entirety. With respect to Plaintiff's FLSA claim, the amount of the agreed upon settlement is $5,000.00. In addition to the settlement of Plaintiff's FLSA claim, the Parties have also reached an agreement to settle Plaintiff's remaining claims. Because the compromise of those claims is not subject to court approval, the Parties intend to enter into a separate General Release, supported by appropriate consideration. While the Settlement Agreement provides that each party shall bear its own attorneys' fees, the Parties' settlement of the non-FLSA claims is sufficient to

cover Plaintiff's attorneys' fees in this matter. Accordingly, Plaintiff's counsel will not receive any funds from the $5,000.00 FLSA settlement amount.

If the Settlement Agreement is approved, there will be no remaining matters in dispute between the Parties with regard to the claims raised in this action. Upon approval of the Settlement Agreement by this Court, the Parties will consummate the Settlement Agreement and dismiss this action in its entirety with prejudice.

## ARGUMENT

"[U]nder the FLSA . . . there is a judicial prohibition against the unsupervised waiver or settlement of claims." *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007), *superseded on other grounds by regulation*, 73 Fed. Reg. 67987 (Nov. 17, 2008). "Employees may waive or release their FMLA rights with the prior approval of the Department of Labor or a court." *Vazquez-Aguilar v. Gasca*, 513 F. Supp. 3d 675, 680 (E.D.N.C. 2021) (alteration, quotations, and citations omitted).

While the Fourth Circuit has not addressed factors to evaluate whether to approve proposed FLSA settlements, courts within this district and throughout the Fourth Circuit follow the standard articulated in *Lynn's Food Stores, Inc. v. U.S., By & Through U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). *Vazquez-Aguilar*, 513. F. Supp. 3d at 680. "The factors they considered include whether (1) there is a bona fide dispute about the defendant's liability under the FLSA, (2) the settlement is fair and reasonable, and (3) the attorney's fees and costs awarded are reasonable." *Gorrell v. Wake Cnty.*, No. 5:21-CV-00129-M, 2022 WL 3222003, at *2 (E.D.N.C. Aug. 9, 2022) (unpublished). Finally, the proposed settlement must not impermissibly frustrate the FLSA's implementation in workplaces. *Id.* (citation omitted).

"A bona fide dispute involves some doubt about the plaintiffs' success on the merits and recovery at trial." *Id.* (citations omitted). "The disagreement may pertain to the existence of liability under the Act or . . . the amount of such liability." *Id.* (alteration omitted) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703 n.12 (1945)). "Evidence of a bona fide dispute may be established by the parties' motion, the pleadings, and the representations in the settlement agreement." *Id.* at *2–3 (citation omitted) (determining a bona fide dispute existed where the settlement agreement stated the defendant denied liability and there was a dispute about the amount of recoverable back wages and whether the defendant acted willfully).

Then, to determine whether a settlement is fair and reasonable, courts within this district consider the following factors:

> 1) the extent of discovery that has taken place; 2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; 3) the absence of fraud or collusion in the settlement; 4) the experience of counsel who have represented the plaintiffs; 5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and 6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Vazquez-Aguilar*, 513. F. Supp. 3d at 681 (quotation omitted). Courts need not, however, consider each and every factor individually. *See Gorrell*, 2022 WL 3222003, at *3 (determining that together, the factors favored approval of a settlement agreement, even without considering each individual factor).

Courts within this district have held that where the parties have separately settled non-FLSA claims and the proceeds of the settlement of those non-FLSA claims are sufficient to cover

the plaintiff's attorneys' fees, this constitutes a reasonable resolution of attorneys' fees for FLSA purposes. *See Morris v. Cumberland Cty. Hosp. Sys.*, No. 5:12-CV-629-F, 2014 WL 12780144, at *3 (E.D.N.C. Mar. 26, 2014) (unpublished) (determining that the parties' resolution of attorneys' fees was reasonable where the FLSA settlement agreement provided each party would bear its own attorneys' fees, but the parties represented that settlement of non-FLSA claims was sufficient to cover the plaintiff's attorneys' fees).

Finally, the court must consider whether the proposed FLSA settlement impermissibly frustrates implementation of the FLSA. *Gorrell*, 2022 WL 3222003, at *2. Provisions which have been rejected by courts in this district when analyzing proposed FLSA settlements include general releases waiving non-FLSA claims without separate consideration, and confidentiality and non-disclosure provisions preventing the parties from disclosing the FLSA settlement. *Id.* at *3 (citation omitted); *see also Vazquez-Aguilar*, 513 F. Supp. 3d at 681 (citation omitted).

### A. A *Bona Fide* Dispute Exists Between the Parties.

Here, a *bona fide* dispute exists between the Parties regarding Defendant's liability under the FLSA and Plaintiff's likelihood of success and possible recovery. "Evidence of a bona fide dispute may be established by the parties' motion, the pleadings, and the representations in the settlement agreement." *Gorrell*, 2022 WL 3222003, at *2–3. Here, the Parties' pleadings show that they disagree regarding whether any FLSA violations occurred, and Defendant argues that if any violation did occur, it was not willful and could not support an award of liquidated damages. Additionally, the Settlement Agreement states the Defendant denies liability. Accordingly, a *bona fide* dispute exists between the Parties.

### B. The Proposed FLSA Settlement is Fair and Reasonable.

The Settlement Agreement is a fair and reasonable resolution of Plaintiff's FLSA claim. First, the parties have conducted substantial discovery, exchanging scheduling, time, and pay records, policies, and emails. This discovery is sufficient to allow the Parties to "fairly evaluate the liability and financial aspects of [the] case." *Gorrell*, 2022 WL 3222003, at *3 (citation omitted). With respect to the stage of proceedings, if the case continues, the Parties must complete depositions, dispositive motions practice, pre-trial preparation, pre-trial motions, and trial. Accordingly, it is sensible for the Parties to settle the case based on the discovery exchanged to date before incurring these additional expenses and proceeding further with litigation. *See id.* ("the parties had an adequate appreciation of the merits of this case to engage in settlement negotiations. Further litigation would require more time and expense without the possibility of increasing Plaintiffs' recovery.").

"There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Morris*, 2014 WL 12780144, at *2 (quotation omitted). Here, there is no evidence to suggest any fraud or collusion between counsel. The experience of Parties' counsel also weighs in favor of settlement. Counsel for both parties has extensive litigation practice experience. *See id.* (determining that the experience of counsel weighed in favor of approving the settlement where counsel had "litigation experience that enables him to evaluate his client's claims.").

Finally, the proposed settlement represents a determination that Plaintiff's success on the merits is uncertain, as is any potential recovery. As pled in her complaint, Plaintiff seeks damages in excess of $25,000 for her claims. However, Defendant denies liability and denies that the requisite conditions for liquidated damages are met. Accordingly, the FLSA settlement amount—

$5,000.00—recognizes a portion of Plaintiff's claimed actual damages while also recognizing Plaintiff's potential, but uncertain, success on the merits and adequately proving her entitlement to liquidated damages.

Accordingly, the factors outlined above support a determination that the proposed FLSA settlement is a fair and reasonable resolution of Plaintiff's claim.

### C. The Resolution of Attorneys' Fees and Costs is Reasonable.

When analyzing proposed FLSA settlements, courts within this district have held that where the parties have separately settled non-FLSA claims and the proceeds of the settlement of those non-FLSA claims are sufficient to cover the plaintiff's attorneys' fees, this constitutes a reasonable resolution of attorneys' fees for FLSA purposes. *See Morris*, 2014 WL 12780144, at *3. Here, the Parties have entered into a separate General Release, supported by appropriate consideration. The release of Plaintiff's non-FLSA claims is not subject to court approval. With respect to Plaintiff's FLSA claim, the Settlement Agreement provides that each party shall bear its own attorneys' fees. However, the Parties' settlement of the non-FLSA claims is sufficient to cover Plaintiff's attorneys' fees in this matter and Plaintiff's counsel will not receive any funds from the $5,000.00 FLSA settlement amount.

Where Plaintiff's counsel will receive no attorneys' fees from the FLSA settlement amount and the proceeds of the settlement of the non-FLSA claims are sufficient to cover Plaintiff's attorneys' fees, *see Morris*, 2014 WL 12780144, at *3, the resolution of Plaintiff's attorneys' fees is reasonable.

### D. The Proposed Settlement Does Not Frustrate Implementation of the FLSA.

Courts within this district have rejected proposed FLSA settlements for impermissibly frustrating implementation of the FLSA when those settlements have contained provisions such as

7

Case 5:21-cv-00507-D   Document 35   Filed 02/17/23   Page 7 of 10

general releases waiving non-FLSA claims without separate consideration, and confidentiality and non-disclosure provisions preventing the parties from disclosing the FLSA settlement. *Gorrell*, 2022 WL 3222003, at *2–3; *see also Vazquez-Aguilar*, 513 F. Supp. 3d at 681 (citation omitted). Here, the Settlement Agreement contains no such provisions.

## CONCLUSION

For the foregoing reasons, the settlement agreement reached by the Parties represents a fair, just, and reasonable resolution of Plaintiff's FLSA claim. The Parties request that the Court approve the Settlement Agreement so that the settlement may be consummated, and this action may be dismissed in its entirety with prejudice.

WHEREFORE, the Parties respectfully request that the Court grant their joint motion and enter an order approving the Settlement Agreement.

*[Remainder of page intentionally left blank]*

Respectfully submitted, this 17th day of February, 2023.

**MICHAEL BEST & FRIEDRICH LLP**

*/s/ Beth A. Stanfield*
Beth A. Stanfield, NCSBN 36296
Laura K. Greene, NCSBN 47771
5815 Oleander Dr, Suite 300
Wilmington, NC 28403
Telephone: (910) 777-5751 (Stanfield)
Telephone: (910) 660-0931 (Greene)
Email: bastanfield@michaelbest.com
Email: lkgreene@michaelbest.com

Rachel M. Blunk, NCSBN 42694
3211 Shannon Rd., Suite 430
Durham, NC 27707
Telephone: (984) 220-8750
E-mail: rmblunk@michaelbest.com

*Attorneys for Defendant Radeas, LLC*

**DOBSON LAW FIRM, PLLC**

*/s/ Jeffrey Dobson*
Jeffrey Dobson, NCSBN: 54808
1130 Situs Court, Suite 240
Raleigh, NC 27606
Telephone: (919) 591-2240
Email: jdobson@dobsonlawnc.com

*Attorney for Plaintiff*

9

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the forgoing **MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT** with the Clerk of Court for the United States District Court, Eastern District of North Carolina, using the electronic filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented to accept service by electronic means.

Dated this 17th day of February, 2023.

                                             */s/ Beth A. Stanfield*
                                             Beth A. Stanfield